DUAL OFFICE HOLDING It is not necessary for an Assistant District Attorney to resign his position to render him eligible to seek the office of Associate District Judge. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Is it necessary for an Assistant District Attorney to resign at the time he files his Notification and Declaration of Candidacy for the office of Associate District Judge?" Title 19 O.S. 131 [19-131] (1971), as amended by House Bill No. 1674, Second Session, Thirty-fourth Oklahoma Legislature, provides in pertinent part: "(A) At the general election to be held in November, 1974, there shall be elected in each county of the State, a court clerk, a county sheriff, a county clerk, and in each county having the office, a county superintendent of schools who shall hold office for a term of two (2) years, the terms of the court clerk, county sheriff and county clerk beginning on the first Monday in January following their election, and until their successors are elected and qualified, and the term of the county superintendent of schools beginning on the first Monday in July following his election, and until his successor is elected and qualified. At the general election to be held in November, 1976, and each four (4) years thereafter, there shall be elected in each county of the state, a court clerk, a county sheriff, a county clerk, and in each county having the office, a county superintendent of schools, who shall hold office for a term of four (4) years; the terms of the court clerk, the county sheriff and the county clerk, beginning on the first Monday in January following their election, and until their successors are elected and qualified, and the term of the county superintendent of schools beginning on the first Monday in July following his election and until his successor is elected and qualified. "(B) At the general election to be held in November, 1974, and each four (4) years thereafter, there shall be elected in each county of the state a county assessor, a county treasurer, three 3 county commissioners, one from each county commissioner's district, and in each county having the office, a county surveyor, who shall hold office for a term of four (4) years, the terms of the county commissioners, county assessor and county surveyor beginning on the first Monday in January following their election, and until their successors are elected and qualified, and the term of the county treasurer beginning on the first Monday in July following his election and until his successor is duly elected and qualified. "(C) A county officer shall not, unless he resigns from the office held by him, be eligible to become a candidate for another county office or state office . . . . " (Emphasis added) It is clear from a reading of Section 131 that an Assistant District Attorney is not enumerated as a "county officer" within the language of the section. It is obvious that the Legislature did not intend that an Assistant District Attorney be included as one of the county officers who must resign in order to be eligible to become a candidate for another county office or state office. Subsection (C) of 19 O.S. 131 [19-131] (1971) applies only to those officers enumerated in subsections (A) and (B) of the statute. There is no other statute requiring that an Assistant District Attorney resign his position in order to seek an elective office. It is, therefore, the opinion of the Attorney General that your question must be answered in the negative. It is not necessary for an Assistant District Attorney to resign his position to render him eligible to seek the office of Associate District Judge. (Michael Cauthron) (51 O.S. 6 [51-6])